IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| PROVISUR TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-6069-SRB |
| | ) | |
| WEBER, INC., TEXTOR, INC., WEBER | ) | |
| MASCHINEBAU GMBH BREIDENBACH, | ) | |
| WEBER MASCHINENBAU GMBH | ) | |
| NEUBRANDENBURG, and TEXTOR | ) | |
| MASCHINENBAU GMBH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant Weber, Inc.'s, Textor, Inc.'s, Weber Maschinenbau GmbH Breidenbach's, Weber Maschinenbau GmbH Neubrandenburg's, and Textor Maschinenbau GmbH's (collectively, "Weber") Motion to Stay All Proceedings Pending *Inter Partes* Review. (Doc. #30.) For the reasons stated below, the motion is denied.

**I. BACKGROUND**

This patent-infringement lawsuit is the second such suit filed against Weber by Plaintiff Provisur Technologies, Inc. ("Provisur") currently pending before this Court.[1] In the instant suit, Provisur alleges Weber's design and manufacture of the Weber 904 commercial meat and cheese slicer violates two patents (specifically, Patent Nos. 10,625,436 and 10,639,812) (the "Subject Patents"). Weber recently filed two *inter partes* review ("IPR") petitions challenging the validity of the Subject Patents, and those petitions are currently pending before the United States Patent

---

[1] The first suit, *Provisur Techs., Inc. v. Weber, Inc., et al.*, No. 19-cv-6021-SRB ("*Provisur I*"), was filed on February 22, 2019. In *Provisur I*, Provisur alleges Weber willfully infringed seven U.S. patents relating to commercial-grade meat and cheese slicers. Provisur filed the instant suit ("*Provisur II*") on May 6, 2020, which was subsequently transferred to the undersigned pursuant to Local Rule 83.9. (Doc. #6.)

and Trademark Office's ("USPTO") Patent Trial and Appeal Board ("PTAB"). Weber moves to stay all case proceedings in *Provisur II* until the PTAB issues its decisions on whether to institute any or both of the IPR petitions. Provisur opposes the requested stay.

**II. LEGAL STANDARD**

"Federal courts have the inherent power to grant a stay pending IPR." *Masa LLC v. Apple Inc.*, Case No. 4:15-CV-00889-AGF, 2016 WL 2622395, at *2 (E.D. Mo. May 9, 2016) (citing *Proctor & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008)). In deciding whether a stay should be imposed, courts consider the following factors: "the impact of inter partes review, to include whether a stay would simplify the issues in question and streamline the trial; (2) how far the litigation has progressed, taking into account whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 592 (Fed. Cl. 2014) (citations omitted); *accord Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-CV-04160-NKL, 2014 WL 2511308, at *2 (W.D. Mo. June 4, 2014). The burden of establishing that a stay is appropriate lies with the party seeking the stay. *Stratasys, Inc. v. Microboards Tech., LLC*, No. CIV. 13-3228 DWF/TNL, 2015 WL 1608344, at *1 (D. Minn. Apr. 10, 2015) (citation omitted).

**III. DISCUSSION**

Weber argues the relevant factors all weigh heavily in favor of temporarily staying the case "pending decisions on institution of the IPRs challenging all claims of all Patents-in-Suit." (Doc. #31, p. 6.) Provisur opposes the motion, arguing a stay would delay and unfairly prejudice Provisur, a direct competitor of Weber, and not "meaningfully simplify the issues in the dispute."

(Doc. #36, p. 6.)  Provisur also argues that imposing a stay would make it practically impossible to dual track discovery in the instant case with *Provisur I*.

As a preliminary matter, throughout its response Provisur draws comparisons between this case ("*Provisur II*") and *Provisur I*, its other related case pending before the Court.  While the specific patents at issue in *Provisur I* and *Provisur II* differ, most of the accused products at issue here are also involved in *Provisur I* and it is apparent that discovery in both lawsuits will, at some point and to some extent, overlap.  Determining whether a stay is proper in a given suit is inherently a case-specific analysis.  While the patents at issue in *Provisur I* are unique from those raised here, judicial economy and efficiency remain a priority in both proceedings.  Where relevant, the instant lawsuit's relationship to, and impact on, *Provisur I* is considered below.

### A.  Impact of IPR Proceedings

In considering whether a stay would simplify the issues in question, the relevant inquiry is "not whether the IPR would completely resolve this case, but rather whether it could make this litigation simpler and more efficient."  *Skky, Inc. v. Manwin USA, Inc.*, No. 13-2085-PJS-JJG, 2014 WL 12527215, at *4 (D. Minn. Oct. 29, 2014) (citations omitted).  Weber argues that the two pending IPR petitions involve all the claims relating to the Subject Patents and, if instituted, could potentially render the entire lawsuit moot.  Provisur argues that delaying the case until the PTAB issues "institution decisions is unlikely to lead to any timely simplification of the issues," noting that any final resolution by the PTAB on Provisur's claims is month or years away.  (Doc. #36, pp. 11–12.)

The Court acknowledges that institution decisions on the two pending IPR petitions could potentially simplify the issues in this case.  That being said, the potential for simplification at this point remains speculative, despite Weber's representation that it is likely to prevail if its two IPR

3

petitions are instituted. *See, e.g.*, *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-CV-00390-RWS/RSP, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019) (citing *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018) ("[A]n institution decision is less effective as a barometer for the issue of whether the PTAB will eventually determine that the challenged claims are unpatentable after *SAS*."). While the outcome of the IPR petitions filed in *Provisur I* does not determine the outcome in this case, if history serves as any guide, the potential for issue simplification becomes more apparent once the PTAB issues its institution decisions. *Accord Stratasys, Inc.*, 2015 WL 1608344, at *2 ("At this point, it is indeed speculative whether the PTO will even grant review. . . . [and] premature to decide whether a stay is appropriate.") (collecting cases finding the same); *see also Perdiemco LLC v. Telular Corp.*, No. 216-CV-01408-JRG/RSP, 2017 WL 2444736, at *3 (E.D. Tex. June 6, 2017) ("Despite Defendants' assessment that institution of IPR is highly likely, only when the PTAB decides whether, and to what extent, to institute review will there be meaningful potential for simplification."). While this factor does not weigh strongly in either side's favor, based on the factual circumstances and posture of the case the Court finds the factor weighs slightly in Provisur's favor at this stage of the proceeding. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1316 (Fed. Cir. 2014) (noting that "[w]hile a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted.").

### B. Litigation Progression

The parties agree this case is in the early stages of the litigation process. Weber recently filed its answer and counterclaims to Provisur's complaint, the parties jointly filed a proposed

scheduling order,[2] and both sides have exchanged initial Rule 26 disclosures and interrogatories. Weber contends this factor undeniably weighs in favor of a temporary stay. Provisur notes that while *Provisur II* may be the early stages of discovery, *Provisur I* is actively being litigated and discovery in that case is well underway. Provisur argues that staying *Provisur II* will eliminate any future opportunities for discovery consolidation between the two actions, potentially leading to duplication of efforts and inefficiencies down the road. Provisur additionally observes that, if a stay is granted in the instant case, the burden of litigation will not be substantially reduced due to the factual overlap with *Provisur I*, where most of the accused products in this case are also at issue.

The Court finds this factor does not weigh strongly in favor of either side. In general, a case in the early stages of litigation leans more favorably toward imposing a stay. In this case, however, the benefits of a stay may be outweighed by the potential repercussions of doing so, including the possible duplication of discovery that might arise here and in *Provisur I*. Denying a stay at this time preserves, for now, the opportunity for consolidation with *Provisur I* later on— something all parties have expressed interest in—should it become appropriate and expedient to do so. Even if this factor did weigh more heavily in Weber's favor, the other factors together still weigh more strongly against a stay. *See, e.g.*, *Peloton*, 2019 WL 3826051, at *5 ("[T]his [litigation progression] factor has little impact on the analysis.").

### C. Prejudice

Courts consider a variety of factors when assessing whether a stay would impose undue prejudice on the opposing party, including the length and duration of the proposed stay, whether

---

[2] The parties participated in a Scheduling Conference on October 14, 2020, when the instant motion had not yet been fully briefed. Given the potential impact a stay might have on the timing of discovery and with the agreement of the parties, the Court elected to defer entry of a scheduling order until after the instant motion had been ruled on.

the parties are direct competitors, the impact of a stay and whether monetary damages can restore any potential losses, and whether a stay may place the opposing party at a tactical disadvantage. *See, e.g.*, *Peloton*, 2019 WL 3826051, at *3; *Intellectual Ventures II*, 2014 WL 2511308, at *3–*4 (citations omitted) ("The mere potential for delay, however, is insufficient to establish *undue prejudice*.") (emphasis in original); *VirtualAgility Inc.*, 759 F.3d at 1318 ("[W]hether [a] patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim.") (emphasis in original).

Weber argues that Provisur faces no undue prejudice from its proposed stay, noting that Provisur has unsuccessfully litigated these matters in Germany, litigation in *Provisur I* continues to proceed, and the lack of any apparent impending harm posed by a stay. Provisur disagrees, arguing it and Weber are direct competitors in a small, highly competitive marketplace where the loss of sales and erosion of goodwill in the short term can yield significant and irreparable losses in the long term. Provisur asserts it faces serious potential losses which cannot be ameliorated by monetary damages, and that a decision to pursue litigation instead of a preliminary injunction should not be viewed as evidence that Provisur faces no impending harm from Weber's actions.

Upon review of the record in this case, the parties' arguments, and the relevant caselaw, the Court finds this factor weighs in Provisur's favor. Motivated in part by the risk of prejudice posed to Provisur, this Court previously declined to extend the initial stay in *Provisur I*. In that instance the Court observed that Provisur and Weber appeared to be direct competitors in what the parties agree is a highly specialized and narrow marketplace (i.e., the sale of industrial-sized cheese and meat slicers that retail for hundreds of thousands of dollars). *See Provisur I*, No. 19-cv-6021-SRB, Doc. #69, pp. 5–7. Those same concerns remain salient in this case. Taking Provisur's assertions as true, its potential loss of goodwill, market share, and future revenue is

both significant and difficult to quantify.  Provisur thus has a present and actual need for the expeditious resolution of this action.  The Court also declines to hold Provisur's litigation strategy against them and is not persuaded that Provisur's failure to seek a preliminary injunction indicates no risk of impending harm or injury.  In sum, Provisur presents more than "the mere potential for delay." *Intellectual Ventures II*, 2014 WL 2511308, at *3.  Based on the totality of the circumstances, the Court finds that granting Weber's requested stay at this early stage would yield minimal gains while unnecessarily impairing Provisur's ability to timely enforce its patent rights.  The risk of undue prejudice therefore weighs in Provisur's favor.

In aggregate, Weber fails to satisfy its burden of demonstrating a stay is warranted at this point in time.  The motion is therefore denied without prejudice.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Weber's Motion to Stay All Proceedings Pending *Inter Partes* Review (Doc. #30) is DENIED without prejudice.  It is **FURTHER ORDERED** that on or before November 4, 2020, the parties shall file with the Court any requested changes to their proposed scheduling order and discovery plan.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: October 21, 2020